b GORBATY, Judge.
This appeal was lodged following the trial of a medical malpractice action. Because of procedural errors below, we reverse the judgment of the trial court, and remand this case for a new trial.
Procedural History:
After trial, the jury retired to deliberate. At some point, the jury inquired as to whether there must be at least nine jurors in agreement on each jury interrogatory. The court answered in the affirmative, and the jury returned to its deliberations. The jury returned a verdict in favor of plaintiffs, awarding $800,000 in damages. Defense counsel requested that the jury be polled, which the trial judge did by hand count. The count revealed that for one of the questions, the jurors had voted 8-4, instead of the requisite minimum of 9-3. The judge did not instruct the jury to return to its deliberations until it had reached a proper majority, but, rather, dismissed the jury.
Following dismissal of the jury, plaintiffs’ counsel made an oral motion for the court to enter judgment in accordance with the verdict. The judge responded, | ¿‘Well, I don’t even know how to formulate it [the verdict] at this point. We don’t have a complete verdict.” Counsel for LSU Medical School/Dr. Phelan then orally moved for a mistrial or, alternatively, a JNOV. *1217 The judge advised counsel that he would take the matter under advisement and render a judgment of some sort, noting that the parties were protected by the oral motions they had made. The judge was of the opinion that the parties could not move properly for a new trial or a JNOV until he issued a judgment.
On April 24, 2000, the trial court granted a new trial, stating in its judgment that “no judgment be entered as a result of the verdict of the jury returned on 20 April 2000.” In written reasons, the court recognized that it had “accepted, although it should not have, the verdict returned.” Further, the court stated “[t]he issue of mistrial is irrelevant because the jury has been discharged. Nevertheless, by the court granting a new trial on its own motion, the issue of mistrial is moot.” Although the judgment granted a new trial, in its reasons for judgment, the court invited the parties to file appropriate motions “from the judgment that it renders this date.”
The parties filed the following three motions: (1) Plaintiffs’ Motion for Expedited Hearing; Motion for a New Trial on the Issue of Granting a New Trial on the Merits and Motion to Adopt the Jury Verdict as the Judgment of the Court; (2) Touro Infirmary’s Motion for Judgment Notwithstanding the Verdict or Alternatively for a New Trial; (3) LSU Medical School’s Motion for Judgment Based on La.Code of Civ. Pro. Art. 1811.
IsAfter a contradictory hearing, the trial court vacated its April 24 judgment, and rendered judgment on May 26 in favor of defendants, dismissing plaintiffs’ suit.
Discussion:
Louisiana Code of Civil Procedure art. 1811 B provides:
If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or render a judgment notwithstanding the verdict. If no verdict was returned, the court may render a judgment or order a new trial.
By the trial court’s own admission, the jury returned a verdict, which the trial court accepted. Thus, because the jury’s verdict was accepted, the trial court had three options on how to proceed: 1) make the jury verdict the judgment of the court; 2) grant a new trial; or 3) grant a JNOV.
Originally, in the April 24 judgment, the trial court granted a new trial, which order it vacated in the May 26 judgment. Therefore, because the first option was no longer viable (making the jury verdict the judgment of the court), the only option left was to grant a JNOV. However, despite citing the standard for deciding a JNOV, Anderson v. New Orleans Public Serv., Inc., 583 So.2d 829 (La.1991), it does not appear from the May 26 judgment or reasons for judgment that the trial court granted defendants’ motion for JNOV or applied the Anderson standard at all. Rather, the trial court fashioned a new procedural term, and declared the verdict “deficient.” The court then treated the “deficient” verdict as a return of no verdict, and rendered its own opinion in place of the jury’s verdict, skipping the step of deciding whether a JNOV was warranted.
In its reasons for judgment, the court stated that although it believed it had no discretion under La.Code Civ. Proc. art. 1811 but to order a new trial, it was ^deciding the ease based on the parties’ request that “the Court act on the motions for judgment n.o.v. because they did not want to go through the expense of a new trial and were willing to take the matter, regardless of how the Court rendered a judgment, to the Court of Appeal for resolution.”
*1218 The transcript of the contradictory hearing on post-trial motions does not indicate that counsel agreed to have the court decide the merits of the case in lieu of the jury verdict. At the hearing, the following exchange occurred:
BY THE COURT:
Okay, then what I will do is this. I will vacate my Order for a new trial, and I will rule upon the judgment notwithstanding the verdict and take it under advisement. Anybody have a problem with that scenario, and then you take your appeals from that?
BY MR. CALUDA [plaintiffs’ counsel]:
That’s fine.
BY MR. HAYES [defense counsel]:
That’s fine.
Thus, both counsel agreed to have the court consider and rule upon the case using the standard applicable to a motion for JNOV. Neither counsel agreed to have the trial court usurp the province of the jury and decide the merits of the case de novo. There is nothing in the May 26 judgment or reasons to indicate that the court applied this standard before deciding the case on its merits. This is procedurally improper; the parties had the right to have defendants’ motion for JNOV decided according to the proper standard, and they clearly did not waive that right.
We find there is no judgment granting a JNOV before this Court for review. Accordingly, because we find that the trial court improperly ruled on the merits of this case without first deciding pursuant to Anderson, supra, whether a JNOV was | ¿warranted, we reverse the judgment of the trial court, and remand this matter for a new trial.
REVERSED AND REMANDED
ARMSTRONG, J., concurs.
MURRAY, J., concurs in part and dissents in part.